No. 24,416.

G. O. COMBS, *Appellant*, v. MARY CASEY RUSSELL, J. M. RUSSELL, WALTER GRUNDY, AND THE FONTRON LOAN AND TRUST COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Contract with a Purchaser—Partial Payment on Deposit—Terms of Sale not Complied with—Agent not Entitled to Money on Deposit*. Upon the record it is held following the decision in *National Bank v. Combs*, that the plaintiff who had an agency contract to sell property was not entitled to recover from a proposed purchaser the amount of a deposit made in pursuance of an agreement to purchase the property, it appearing that compliance had not been made with the terms of the agreement upon which payment was to be made.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 7, 1923. Affirmed.

*F. L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellant.

*A. C. Malloy, R. C. Davis, Warren H. White,* and *C. M. Williams,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case is a companion of *National Bank v. Combs*, ante, p. 52. In it Combs sought a recovery from Grundy of the $9,900 deposited with the trust company when the contract of sale was made to Grundy by Combs, and also for an order requiring the trust company to pay the amount deposited with it under the conditions of the contract.

As already shown in the earlier case, $100 was paid in cash and $9,900 was placed in escrow with the trust company to abide there

*In re* Gilbert and Judy.

until an abstract was furnished and the title approved by Grundy. It was agreed that upon delivery of the abstract Grundy should move with reasonable dispatch, and after a reasonable time for examination of the abstract and finding that it showed a good and merchantable title, the escrow of $9,900 was to be paid upon the execution and delivery of a general warranty deed. The case was submitted on the pleadings, including the verified answer and cross-petition of Grundy. Grundy's contract was with the Russells. They tendered no abstract or deed to him. The pleadings show that he tried to procure a consummation of the sale and a deed, and further, that he coöperated with Combs to quite an extent in an effort to compel a completion of the sale. Grundy waited more than a reasonable time for compliance with the contract and was entirely willing that the $9,900 should be paid if there had been a conveyance of the property conveyed by an instrument showing an approved title. Nothing in his efforts to compel the completion of the sale made him liable for the $9,900 deposit until the conditions attached to the deposit had been performed. They were not performed and Grundy had good grounds for treating his contract of purchase as terminated. At least he cannot be required to pay for property that was not transferred to him in accordance with the contract, nor can the trust company be compelled to deliver the $9,900 deposit until there has been compliance with the terms of the escrow.

Judgment affirmed.